UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TONY HINES, | Case No.: 2:19-cv-00191-APG-DJA |
| Plaintiff | **Order Granting Defendant's Motion for Summary Judgment and Denying Plaintiff's Motion for Summary Judgment** |
| v. | |
| JAMES DZURENDA, et al., | [ECF Nos. 19, 21] |
| Defendants | |

Plaintiff Tony Hines sues for incidents that took place during his incarceration at High Desert State Prison (HDSP).  Hines alleges he was placed in administrative segregation[1] by defendant Larry Treadwell and the classification committee for 18 days without access to basic hygiene items.  He alleges that upon his transfer to HDSP from Southern Desert Correctional Center (SDCC), he told Treadwell and the committee that he should be released into the prison yard because he had finished his disciplinary time at SDCC and pending investigations there had concluded. ECF No. 3 at 3.  He alleges Treadwell and other committee members told him, "So, what are you saying?  We are just supposed to believe you?  You will go where we tell you to go!" *Id.*  Hines claims he was then escorted to segregation, where he remained for 18 days without being given investigation papers or other due process protections. *Id.* at 4.  He alleges that during the 18 days in segregation, he did not have access to personal hygiene items including soap, a toothbrush, toothpaste, and clean clothes. *Id.* at 5-6.

Hines' remaining claims are against Treadwell. ECF No. 5 at 9.  Hines asserts a Fourteenth Amendment Due Process claim for his placement in segregation for 18 days without

---

[1]  Hines claims he was placed in disciplinary segregation.  Treadwell provided evidence Hines was placed in administrative segregation, not disciplinary segregation. ECF No. 22 at 22-23.

notice of the basis for his time there, and an Eighth Amendment conditions of confinement claim for his lack of access to soap, a toothbrush, toothpaste, or clean clothes.

Hines and Treadwell both move for summary judgment on the two claims. In Treadwell's summary judgment motion, he argues that Hines did not exhaust his conditions of confinement claim under the Prison Litigation Reform Act (PLRA). He also contends he did not personally participate in Hines' confinement so he cannot be liable under 42 U.S.C. § 1983. Additionally, Treadwell argues he is entitled to qualified immunity. Hines concedes he did not exhaust his conditions of confinement claim, but he argues he did not file a grievance based on the lack of personal hygiene items because the items were forbidden and the canteen was a privilege, not a right. He also responds that Treadwell participated in his segregation placement because Treadwell was acting in his role as a committee member.

In Hines' summary judgment motion, he argues he was denied his due process rights when he was placed in segregation for longer than necessary and without basic hygiene items. He claims he was not under active investigation but Treadwell placed him in segregation and kept him there a week after evidence proved that he had completed his time. He also argues Treadwell is not entitled to qualified immunity. Treadwell responds there is no evidence he participated in either alleged violation because his role was limited to completing intake paperwork. He claims he did not serve on the committee that placed Hines in administrative segregation, and that Hines had two reviews of his placement.

I.  **ANALYSIS**

Summary judgment is appropriate if the movant shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it "might affect the outcome of the suit under the governing law."

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). When the moving party also bears the burden of persuasion at trial, to prevail "on summary judgment it must show that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Shakur v. Schriro*, 514 F.3d 878, 890 (9th Cir. 2008) (quotation omitted).

"When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (internal footnote omitted). Rather, the non-moving party must set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Sonner v. Schwabe N. Am., Inc.*, 911 F.3d 989, 992 (9th Cir. 2018) ("To defeat summary judgment, the nonmoving party must produce evidence of a genuine dispute of material fact that could satisfy its burden at trial."). If the nonmoving party's evidence "is not significantly probative . . . summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (internal citation omitted). I view the evidence and reasonable inferences in the light most favorable to the non-moving party. *Zetwick v. Cnty. of Yolo*, 850 F.3d 436, 440-41 (9th Cir. 2017).

**A. Exhaustion**

"No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

Exhaustion of administrative remedies prior to filing a lawsuit is mandatory. *Porter v. Nussle*, 534 U.S. 516, 524 (2002). To exhaust a claim, the inmate must "use all steps the prison holds out, enabling the prison to reach the merits of the issue." *Griffin v. Arpaio*, 557 F.3d 1117, 1119 (9th Cir. 2009). But a prisoner exhausts his administrative remedies "despite failing to comply with a procedural rule if prison officials ignore the procedural problem and render a decision on the merits of the grievance at each available step of the administrative process." *Reyes v. Smith*, 810 F.3d 654, 658 (9th Cir. 2016).

The defendant bears the burden of proving the inmate failed to exhaust an available administrative remedy. *Albino v. Baca*, 747 F.3d 1162, 1172 (9th Cir. 2014) (en banc). If the defendant does, then the burden shifts to the inmate to show "there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him by showing that the local remedies were ineffective, unobtainable, unduly prolonged, inadequate, or obviously futile." *Williams v. Paramo*, 775 F.3d 1182, 1191 (9th Cir. 2015) (quotation omitted). A prison's remedies are effectively unavailable to a prisoner when the prison's actions would lead a reasonable prisoner to believe no remedies were available. *Sapp v. Kimbrell*, 623 F.3d 813, 826 (9th Cir. 2010). If a prisoner had the opportunity and ability to file a timely grievance but did not, he has not exhausted his remedies. *Marella v. Terhune*, 568 F.3d 1024, 1028 (9th Cir. 2009).

The Nevada Department of Corrections (NDOC) provides inmates with a three-step grievance process: an informal grievance, a first level, and a second level. ECF No. 22 at 52-56. To comply with NDOC's regulations, Hines had to properly process his grievances through each of these three levels. The parties agree that Hines exhausted his remedies regarding his placement in administrative segregation. ECF No. 21 at 5-7. The parties also agree Hines did not

file a grievance regarding his conditions of confinement claim[2], but Hines contends he did not do so because the items were forbidden in segregation and the canteen is a privilege not a right. He thus contends that any grievance he filed would have been rejected as frivolous. Treadwell argues Hines must exhaust his administrative remedies.

Hines properly filed an informal grievance regarding his placement in segregation while he was in segregation and an NDOC employee responded to his grievance. ECF No. 22 at 64-72. Thus, Hines was aware of the grievance process and was able to access it while in segregation. Consequently, Treadwell has met his initial burden of establishing Hines failed to exhaust his administrative remedies with respect to his conditions of confinement claim. Hines has not presented evidence that he lacked the opportunity or ability to file a timely grievance regarding this claim. He presents no evidence that a grievance for lack of hygiene items would have been denied as frivolous and thus futile. I therefore grant Treadwell's motion for summary judgment and deny Hines' motion on this claim.

### B. Qualified Immunity

"Government officials are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Alston v. Read*, 663 F.3d 1094, 1098 (9th Cir. 2011) (quotation omitted). To determine whether an official is entitled to qualified immunity, I must determine (1) "whether the officer's conduct violated a constitutional right," and (2) "whether the right was clearly established at the time of the alleged misconduct." *Id.* (quotation omitted). I may address these two inquiries in either order. *Pearson v. Callahan*, 555 U.S. 223, 241 (2009).

---

[2] *See* ECF No. 24 at 4.

Hines "bears the burden of showing that the right at issue was clearly established." *Alston*, 663 F.3d at 1098. The plaintiff need not identify a case "directly on point, but existing precedent must have placed the statutory or constitutional question beyond debate." *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011). "A clearly established right is one that is sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *Mullenix v. Luna*, 577 U.S. 7, 11 (2015) (quotation omitted). "In other words, existing precedent must have placed the statutory or constitutional question beyond debate." *Reichle v. Howards*, 566 U.S. 658, 664 (2012) (quotation omitted). Qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335 (1986).

Under the Fourteenth Amendment, prisoners "may not be deprived of life, liberty, or property without due process of law." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). However, "the fact that prisoners retain rights under the Due Process Clause in no way implies that these rights are not subject to restrictions imposed by the nature of the regime to which they have been lawfully committed." *Id.* "[T]here must be mutual accommodation between institutional needs and objectives and the provisions of the Constitution that are of general application." *Id.* When a prisoner is placed in administrative segregation, prison officials must, within a reasonable time after the prisoner's placement, conduct an informal, non-adversary review of the evidence justifying the decision to segregate the prisoner. *See Hewitt v. Helms*, 459 U.S. 460, 476 (1983), *abrogated in part on other grounds by Sandin v. Connor*, 515 U.S. 472 (1995). After the prisoner has been placed in administrative segregation, prison officials must periodically review the initial placement. *Id.* at 477 n.9. "An inmate has the right to notice and the right to be heard." *Mendoza v. Blodgett*, 960 F.2d 1425, 1430 (9th Cir. 1992).

While Hines was still an inmate at SDCC, he was given a notice of charges for allegedly bringing narcotics into the prison. ECF No. 22 at 5. He was found guilty and received 60 days in disciplinary segregation; however, he was scheduled for a review on February 8, 2018 and would have 30 days cut from his sentence if he had no further writeups. *Id.* at 23. He was also going to be transferred to HDSP. *Id.*

Hines was transferred to HDSP on February 9, 2018. *Id.* at 23. Treadwell was the intake caseworker who completed Hines' intake paperwork and noted Hines' had been given 60 days disciplinary segregation and was the subject of a possible pending investigation. *Id.* at 23, 30. A classification committee recommended Hines be placed in administrative segregation because of the ongoing investigation at SDCC. *Id.* at 23. Treadwell avers that he was not a member of the classification committee and that his only participation was informing the committee of any pending holds for the inmate and entering a case note in NDOC records to reflect the committee's decision. *Id.* at 30-31. Treadwell avers that caseworkers cannot override or re-investigate holds placed by the Inspector General. *Id.* at 31. According to Treadwell, he had no further contact with Hines and did not participate in any subsequent reviews of Hines' classification after intake on February 9. *Id.* Hines presents no evidence that Treadwell engaged in any other relevant acts after February 9.

According to Hines, he was not seen by anyone after 72 hours from being placed in segregation. ECF No. 19 at 3. According to the case notes, a review of his administrative segregation took place on February 16, at which time it was determined that Hines had been eligible to have his disciplinary segregation time at SDCC conclude on February 8. *Id.* Consequently, another staff member emailed the Inspector General's Office to inquire as to whether the investigation was complete. *Id.* at 23-24. According to the case notes, the

classification committee, which did not include Treadwell, reviewed Hines' placement on February 21 and determined he could move into the general population. *Id.* at 24. Hines was moved to general population on February 27 when a bed became available. *Id.* at 73.

Even viewing the evidence in the light most favorable to Hines, there is no evidence that Treadwell personally participated in Hines' continued placement in segregation after February 9. Consequently, I grant Treadwell's motion and deny Hines' motion on this claim for any due process violations occurring after February 9. *See Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002) (stating that for a person to be liable under 42 U.S.C. § 1983, "there must be a showing of personal participation in the alleged rights deprivation").

As for Treadwell's conduct on February 9, Hines has not pointed to clearly established law that would put Treadwell on notice that he was violating Hines' constitutional right to due process by advising the committee of the disciplinary segregation sentence at SDCC and a possible pending investigation by the Inspector General. Nor does he identify any clearly established law that would put Treadwell on notice that he would violate Hines' rights by going along with the committee's decision to place Hines in administrative segregation due to an ongoing investigation without taking further steps beyond reviewing the case notes to determine whether the investigation was still pending. Even assuming Treadwell was a committee member who participated in making the decision, Hines has not pointed to clearly established law that would put Treadwell on notice that temporarily placing Hines in segregation while HDSP confirmed whether the disciplinary segregation sentence and potential investigation were both complete would violate Hines' rights. I therefore grant Treadwell's motion for summary judgment and deny Hines' motion on Hines' due process claim because Treadwell is entitled to qualified immunity for his acts on February 9.

## II. CONCLUSION

I THEREFORE ORDER that plaintiff Tony Hines' motion for summary judgment (**ECF No. 19**) is **DENIED**.

I FURTHER ORDER that defendant Larry Treadwell's motion for summary judgment (**ECF No. 21**) is **GRANTED**.  The clerk of court is instructed to enter judgment in favor of defendant Larry Treadwell and against plaintiff Tony Hines and to close this case.

DATED this 30th day of September, 2021.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE